THE STATE, THE METROPOLITAN LIFE INSURANCE COM-
PANY OF THE STATE OF NEW YORK, PROSECUTOR, v.
THE MAYOR AND COMMON COUNCIL OF THE CITY OF
NEWARK.

Argued at November Term, 1897—Decided June 13, 1898.

1. The Metropolitan Life Insurance Company of the city of New York,
   a corporation organized under and in accordance with the laws of the
   State of New York, engaged in life insurance, having complied with
   the laws of this state, and therefore entitled to carry on its business
   here, had an office in the city of Newark, in charge of a· local super-
   intendent by the name of Williams. From day to day there were paid
   to and received by him various sums of money as premiums on life
   insurance from the holders of policies of said company in this state,
   which moneys he deposited in his name as superintendent in one of
   the national banks in the city of Newark, and at the end of each week
   he transmitted the entire amount of moneys so collected and deposited
   by his check to the company, to the home office in the city of New
   York, and that such sums of money so collected, deposited and trans-
   mitted by check would average the weekly amount of $4,500, and
   that no use whatever was made of such money in this state. *Held*,
   that such weekly amounts of money were not assessable for yearly
   taxes in the city of Newark, by the local assessing authorities thereof,
   as the personal property in this state, either of the local superintend-
   ent or of the insurance company.
2. This money was merely in transit from the policyholders in this state
   to the insurance company, a foreign corporation, and its deposit tem-
   porarily in this state was nothing more than an act of convenient trans-
   mission, and gave to it no quality of permanency as personal property
   of the corporation in this state, so as to subject it to local taxation.

On *certiorari* in matter of taxation.

Before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Thomas N. McCarter, Jr.*

For the defendant, *Frederick T. Johnson.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The prosecutor is a life insurance com-
pany incorporated and organized under the laws of the State

of New York. It is a foreign corporation which has complied with the requirements of the laws, and is entitled to carry on its business in this state. It has an office in the city of Newark, in charge of a local superintendent.

The city of Newark has levied, for the year 1897, an assessment for yearly taxes against the prosecutor upon ratables of the valuation of $5,000. Of this amount $500 is upon office furniture and other personal chattels about which there is no dispute.

The remaining amount, or the sum of $4,500, is a bank balance belonging to the prosecutor, kept and maintained in one of the national banks of the city of Newark, in the name of C. P. Williams, who is the local superintendent of the prosecutor.

On the third Wednesday of January, 1897, when the assessment for taxes took effect, there was so remaining in the bank the sum of $4,818.92. It is agreed that the average weekly balance on hand will equal or exceed the sum of $4,500, the amount as above assessed. The facts show that there is collected weekly at the Newark office, in premiums on outstanding policies of life insurance from the holders thereof in this state, about $7,000 and that this money is paid into or collected at this office during the week; that it is deposited by Williams as received in bank and at the end of the week the whole sum of money so collected, received and deposited is transmitted by him, by check, to the home office of the prosecutor in the city of New York.

It is clear from the authorities that were this the money of an individual citizen and resident of the State of New York, it would not be the subject of taxation in this state. Neither a debt due to a citizen of New York nor a balance in bank of this character would be taxable. Only tangible personal property can be so taxed. *State* v. *Ross,* 3 *Zab.* 517; *State* v. *Haight,* 1 *Vroom* 428. In this latter case the court said that "it is only intended to tax such personal property of foreigners as is located or used within the state with something like permanency."

This case stands, so far as individuals are concerned, as a construction of section 2 and section 7 of the supplement to the act concerning taxes, approved March 15th, 1851 (*Pamph. L., p.* 272, §§ 2, 7), and which is still substantially in force. *Gen. Stat., p.* 2392, ¶¶ 62, 68.

These collections are made from day to day during the week. They are added together and deposited either at the end of the week or from day to day, and at the end of the week transmitted by check to the home office. They are only temporarily in the place of deposit, not kept there for use in any business affairs of the insurance company in this state nor as capital for use or investment here, but simply and wholly for convenience to facilitate and expedite their transmission to the home office in the city of New York. If these amounts were kept in the pocket of the superintendent and carried to New York at the end of each week, it would hardly be suggested that they either separately or in gross would be the subject of taxation. If they were received in checks by the superintendent, in his name and endorsed by him to the prosecutor, or if the amounts as received were made up into packages and carried at once to the home office or expressed to it, with what show of reason, under the statute which imposes taxation upon personal property of a corporation, could the assessment be held? It is absolutely nothing more than a convenient method of transmission which is sought to be laid under the tribute of taxation. This money is merely in transit from the policyholders to the insurers, and for the purposes of transit collected into convenient amounts in the hands of one person. The nature and character of the business done characterizes the money sought to be taxed, and would quite clearly in reason indicate that it cannot be considered a ratable.

The case of *State* v. *Haight*, 1 *Vroom* 429, would upon principle seem to dispose of this matter. The right to tax a foreign corporation for its personal property in this state was under discussion. There the ferryboats sought to be taxed were fastened to the piers on the New Jersey side of the

Hudson river, to deliver passengers and freight and to take on the same, and for repairs. The principle laid down by the court in that case would seem to be peculiarly applicable. The court in that case said: "The establishment of the principle contended for by the assessor in this case would seem to authorize him in assessing everything he can find within his official limits at any time while making his assessments, which would render it unsafe for a stranger to our soil to visit it with his property during that time. The law does not contemplate any such thing. It is only intended to tax such personal property of foreigners as is actually located or used in this state with something like permanency, and not having its actual location or home somewhere else."

With these views of this assessment it will be perceived that it is immaterial whether the seventh section of the act of 1851 (*Gen. Stat.*, p. 3293, ¶ 67) be applicable to foreign corporations or not. It may be conceded, with the views here expressed, that foreign corporations are taxable for all personal property within this state, yet neither under the acts which the defendant contends will support this taxation, or any other acts of the legislature, can this assessment be upheld. It is not the personal estate of such foreign corporations within this state. This money is not the capital of such corporation used or to be used here. It has no *situs* here whatever. It is intangible, invisible and in a state of transmission from one hand to the other, and whilst in that state cannot be made the subject of taxation.

I have not considered nor attempted to construe the statutes which provide for license fees, or other imposts, or special methods provided for the taxation of foreign corporations doing business or owning property in this state, in lieu of other taxes.

An examination of them will reveal that they have no application to the subject-matter of this litigation and do not control it.

An examination also of all the cases cited by counsel for defendant upholding the taxation of moneys held by agents

of foreign or other corporations, and debts, bonds, &c., held by them and taxed in their names, demonstrates clearly that the subject of this taxation does not come within range of any of them. The property in those cases, held subject to taxation, was of a permanent and fixed character, held for use and used within and under the taxing statute of the state which imposed the tax.

The assessment of tax under review must be set aside, with costs.