N. MAYO DYER vs. CITY OF MELROSE.

Middlesex.   November 14, 15, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Tax*, Assessment.

The salary of an officer of the federal government, after it has been paid and has come into the possession of the officer, loses its identity as salary and becomes liable to taxation by the Commonwealth under the general law.

CONTRACT to recover the amount of a personal property tax alleged to have been illegally assessed and paid under protest. Writ in the First District Court for Eastern Middlesex dated December 17, 1904.

On appeal to the Superior Court, the case was tried upon an agreed statement of facts before *Fessenden*, J., who found for the defendant, and the plaintiff appealed.

The facts are stated in the opinion.

*W. H. Hitchcock & C. M. Pratt*, for the plaintiff.

*C. L. Allen*, for the defendant.

KNOWLTON, C. J.   We do not find it necessary to consider whether the plaintiff has chosen a proper remedy, for, if we assume this in his favor, we are of opinion that he cannot recover.   The property said to have been taxed illegally was money on deposit in two national banks.   The ground on which the plaintiff claims for it an exemption from taxation is that it was derived from his salary as a rear admiral in the navy of the United States.   He was a resident of the city of Melrose, and was properly taxable there on all his personal property that was not exempt from taxation.   He relies upon the decision in *Dobbins* v. *Commissioners of Erie County*, 16 Pet. 435, in which it was held that a State cannot lay a tax upon an office under the government of the United States, nor upon any means or instruments used solely for the maintenance of the federal government or the performance of any of its functions.   The principle on which the case was decided has been reaffirmed repeatedly and held to apply to taxation of State officers by the federal government.   *The Collector* v. *Day*, 11 Wall. 113.   It

precludes taxation by either government of the salary or emoluments of an officer of the other; but it has never been held, under a general provision for the taxation of the property of individual owners, to prevent the taxation of money or other property merely because it was derived from an official salary that had been received and held for use by the officer. The reason of the decision does not go far enough to warrant following the money after it has become a part of the general estate of the owner and has lost its distinctive character as a part of the governmental machinery, which it has up to the time when it passes into the general control of the officer. In *Union Pacific Railroad* v. *Periston,* 18 Wall. 5, the doctrine is stated as follows: " It is, therefore, manifest that exemption of federal agencies from State taxation is dependent, not upon the nature of the agencies, or upon the mode of their constitution, or upon the fact that they are agents; but upon the effect of the taxation, that is, upon the question whether the taxation does in truth deprive them of power to serve the government as they were intended to serve it, or does hinder the efficient exercise of their power. A tax upon their property has no such necessary effect. It leaves them free to discharge the duties they have undertaken to perform."

When the salary has been paid by the government to one of its officers and has come into his possession, it loses its identity as salary, and becomes money, effects or credits which are liable to taxation under the general law. It is within the principle which was applied, under the statute exempting pensions from a liability for debts, in *Kellogg* v. *Waite,* 12 Allen, 529, *Spelman* v. *Aldrich,* 126 Mass. 113, and *Tully* v. *Tully,* 159 Mass. 91. See also *Hibernia Savings & Loan Society* v. *San Francisco,* 200 U. S. 310; *Blake* v. *Bolte,* 31 N. Y. Supp. 124; *Melcher* v. *Boston,* 9 Met. 73.

Any other rule would enable one to hold property free from liability to contribution towards the support of the State government, merely because he obtained it as a compensation for services rendered to the federal government.

*Judgment for the defendant.*