TRUMAN R. HAWLEY *vs.* CITY OF MALDEN.

Middlesex. November 10, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Constitutional Law. Tax.*

The taxation under R. L. c. 12, §§ 2, 4, 23, of shares of the capital stocks of corporations organized under the laws of other States held by residents in this Commonwealth is not in violation of the fourteenth amendment of the Constitution of the United States; and, if it is assumed that the part of the statute which applies to the taxation of tangible personal property situated in another State is invalid, that part is so far separable from the provision under which taxes upon the shares of foreign corporations are assessed as not to affect the validity of such assessments.

CONTRACT to recover taxes assessed and levied by the defendant and paid by the plaintiff under protest upon shares of the capital stock of the Chicago and Northwestern Railway Company, a corporation organized under the laws of the State of Illinois, of the Southern Pacific Company, a corporation organized under the laws of the State of Kentucky, of the Copper Range Consolidated Company, a corporation organized under the laws of the State of New Jersey, of the American Sugar Refining Company, a corporation also organized under the laws of the State of New Jersey, and of the Northern Railroad of New Hampshire, a corporation organized under the laws of the State of New Hampshire, alleging that the assessment, levy and collection of these taxes were illegal, in that the statutes under which they were made, as applied to the taxation of shares of the capital stocks of corporations organized under the laws of other States, deprived the plaintiff of his property without due process of law and denied him the equal protection of the law contrary to the provisions of the Constitution of the United States. Writ dated March 19, 1909.

The defendant demurred on the ground that it did not appear from the facts set forth in the declaration that the assessment, levy and collection of the taxes, the amount of which the plaintiff sought to recover, were unlawful and unconstitutional.

In the Superior Court the case was heard by *Richardson*, J.,

who sustained the demurrer, and reported the case for determination by this court, upon the agreement of the parties that judgment should be entered for the defendant if it should be decided by this court. that the demurrer was sustained rightly ; and that, if it should be decided by this court that the demurrer should have been overruled, judgment was to be entered for the plaintiff for the amount claimed.

*C. Crocker*, (*T. R. Hawley* with him,) for the plaintiff.

*H. L. Boutwell*, (*F. P. Miller* with him,) for the defendant.

KNOWLTON, C. J.    This is an action to recover the amount of certain taxes assessed on shares of stock in foreign corporations and paid by the plaintiff under protest.

The R. L. c. 12, § 2, is as follows: " All property real and personal situated within the Commonwealth, and all personal property of the inhabitants of the Commonwealth wherever situated, unless expressly exempted by law, shall be subject to taxation."    Section 23 of the same chapter provides that, " all personal estate, within or without the Commonwealth, shall be assessed to the owner in the city or town in which he is an inhabitant on the first day of May," with certain exceptions not material to this case.    Section 4 is in part as follows: " Personal estate for the purpose of taxation shall include, . . . Third, Public stocks and securities, bonds of railroads and street railways, stocks in turnpikes, bridges and moneyed corporations, within or without this Commonwealth, except as provided in section sixty-one of chapter fourteen."    The only question in this case is whether these provisions, as applied to the taxation of shares of the capital stock of a resident of this State in a corporation existing under the laws of another State, are in violation of art. 14, § 1, of the amendments of the Constitution of the United States.

This form of taxation of shares of the stock of foreign corporations owned by individuals has existed under the laws of Massachusetts for more than seventy years.    We find substantially the same provision, derived from an earlier enactment, in Rev. Sts. c. 7, § 4, and it has remained in force ever since.    Its validity and constitutionality have been sustained by repeated decisions of this court, covering a period of many years.    *Great Barrington* v. *County Commissioners*, 16 Pick. 572.    *Dwight* v.

*Mayor & Aldermen of Boston,* 12 Allen, 316. *Frothingham* v. *Shaw,* 175 Mass. 59, 61. Unless constrained by the most cogent reasons, we should not be justified in overruling the decisions of our predecessors in this court, and in overthrowing a form of taxation approved by the Legislature, and practised continuously as a part of our system for more than three quarters of a century. ·

The plaintiff's counsel has made a learned and able argument, founded in part upon recent decisions of the Supreme Court of the United States and certain *dicta* of eminent judges, to show that there is no authority in a legislature of a State to tax its inhabitants as owners of shares in a foreign corporation. He has also made a large collection of the decisions of the Federal and State courts bearing upon the subject. He contends that the decisions of the Supreme Court of the United States, holding that a State has no right, under the Constitution, to tax one of its inhabitants as the owner of tangible personal property situated in another State, logically should be extended to include intangible property. See *Louisville & Jeffersonville Ferry Co.* v. *Kentucky,* 188 U. S. 385, 398 ; *Delaware, Lackawanna & Western Railroad* v. *Pennsylvania,* 198 U. S. 341 ; *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194 ; *Metropolitan Ins. Co.* v. *New Orleans,* 205 U. S. 395. At the same time he has not overlooked the fact that that court, in many cases, has recognized a distinction between taxation of the property or capital stock of a corporation, and taxation of the shares of its stock held by individual owners. See *Farrington* v. *Tennessee,* 95 U. S. 679, 687 ; *Sturges* v. *Carter,* 114 U. S. 511 ; *New Orleans* v. *Houston,* 119 U. S. 265, 277 ; *Owensboro National Bank* v. *Owensboro,* 173 U. S. 664, 677. In *New Orleans* v. *Houston, ubi supra,* Mr. Justice Matthews said, speaking for the court: " It is well settled by the decisions of this court that the property of shareholders in their shares, and the property of the corporation in its capital stock, are distinct property interests, and, where that is the legislative intent clearly expressed, that both' may be taxed." This doctrine is fully recognized in *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, and in many other cases. There are sound reasons for it in public policy.

The general subject has been fully discussed in many opinions

of the Supreme Court of the United States, which court alone can render a decision of binding authority upon such a constitutional question.   It would be unprofitable for us to attempt to consider the cases at length in an opinion, or to engage in an extended discussion of the principles and reasons that should control the court in coming to a decision.   We are of opinion that the weight of authority in the State courts, and also in the Supreme Court of the United States, is in favor of the contention of the defendant.   Surely there are no considerations, either of reason or authority, that require us to hold this provision of our statute unconstitutional.   If the Supreme Court of the United States so holds, their decision will establish the law, and control our future action.

If we assume that the statute is invalid in the part which applies to the taxation of tangible personal property situated in another State, we are of opinion that this part is so far separable from the provision under which these taxes were assessed as not to affect the validity of the assessments.   *Edwards* v. *Bruorton*, 184 Mass. 529.   *Commonwealth* v. *Petranich*, 183 Mass. 217.   *Commonwealth* v. *Anselvich*, 186 Mass. 376, 379.   *Commonwealth* v. *Hana*, 195 Mass. 262.

*Judgment for the defendant.*