AUGUSTUS P. LORING, trustee, *vs.* CITY OF BEVERLY.

Essex.    October 19, 1915. — January 6, 1916.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Tax.   Trust,* Taxation.   *Words,* "Subject to taxation."

A sum of money in the hands of a trustee under a will who has deposited it
temporarily in a bank previous to its distribution as income to the benefici-
aries of the trust is none the less taxable under St. 1909, c. 490, Part I, § 2, § 4,
cl. 1, 2, as "personal property" and "money and effects" or "money at inter-
est" because it is composed of dividends made by Massachusetts corporations.

Money derived from dividends on shares of Massachusetts corporations is not
exempt from taxation under the provision of St. 1909, c. 490, Part I, § 4, cl. 4,
that "Incomes derived from property subject to taxation shall not be taxed."

The provision of St. 1909, c. 490, Part I, § 23, cl. 5, as amended by St. 1911, c.
383, § 2, providing for the taxation to a trustee of "Personal property held in
trust . . . the income of which is payable to another person" contains no im-
plication that the income derived from property thus held in trust shall not
be taxed to the trustee as property when in his hands, the dominating purpose
of that section being not to describe the property subject to taxation but to
designate the persons to whom and the municipalities in which the property
shall be taxed.

CONTRACT against the city of Beverly to recover the amount
of a tax paid under protest by the plaintiff as the trustee under the
will of Caleb William Loring, late of Beverly, on a deposit of
$1,200 in the Merchants National Bank of Boston, held by the
plaintiff as such trustee under the circumstances stated in the
opinion and afterwards distributed by him as income to the
beneficiaries of the trust.   Writ dated November 13, 1914.

In the Superior Court the case was submitted upon an agreed
statement of facts to *Quinn,* J., who found for and ordered judg-
ment for the defendant.   From the judgment entered in accord-
ance with this order the plaintiff appealed.

*S. Vaughan,* for the plaintiff.

*G. C. Richards,* for the defendant.

RUGG, C. J.   The plaintiff as trustee under a will holds, as a
part of the capital of the trust, shares of stock in Massachusetts
corporations, the income of which is payable to residents of Bev-
erly.   On April 1, 1914, he had on deposit in a national bank

$1,200 derived from dividends from these shares of stock. This income was not added to the principal, but, as required by the will, was paid to the beneficiaries shortly after April 1. The question is, whether this deposit was subject to taxation.

Property of this class plainly is subject to taxation by the general law. It is included within the comprehensive phrase, "all personal property" of St. 1909, c. 490, Part I, § 2, and "money and effects," or "money at interest, and other debts due" of § 4, cl. 1, 2. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. *Dyer* v. *Melrose,* 197 Mass. 99. All such property must be taxed unless coming within some exemption.

It is contended that this property is exempt from taxation by that portion of Part I, § 4, cl. 4, of the tax law, which provides that "Incomes derived from property subject to taxation shall not be taxed." The words "property subject to taxation" in this connection do not mean property in its inherent nature susceptible of taxation. Nor do they refer to property made subject to taxation by the broad phrase of some provision of the tax law if exempted by another provision. The words mean property which actually is rendered liable to taxation under the law. Income from that source alone is expressly exempted from taxation.

The corporations, from whose dividends this income came, paid excise taxes on their corporate franchises under St. 1909, c. 490, Part III, §§ 43, 52, as amended by St. 1913, c. 453. No tax was assessable or paid upon the shares of stock owned by the trustee according to the express terms of St. 1909, c. 490, Part III, § 64 (see now St. 1914, c. 198, § 6, as amended by St. 1915, c. 34). No such tax can be levied under the law, equivalent revenue being obtained from the excise upon the value of the franchise and from the tax upon the physical property of the corporations taxable locally.

Shares of stock are property distinct in kind from the capital, franchises or other property of a corporation. *Hawley* v. *Malden,* 204 Mass. 138, affirmed in 232 U. S. 1. *Bellows Falls Power Co.* v. *Commonwealth, ante,* 51. Taxation upon one or all of these elements of property of the corporation does not prevent taxation upon the shares of stock as property of the owner at his domicil. While possibly both kinds of property might be taxed in the same jurisdiction, such an intent on the part of the Legislature never

would be presumed in the absence of unequivocal words to that end. *Tennessee* v. *Whitworth*, 117 U. S. 129, 134. *New Orleans* v. *Houston*, 119 U. S. 265, 277. In any event, the express exemption of the last sentence of § 4, cl. 4, has no application to these facts. This is not income derived from "property subject to taxation." It is income derived from shares of stock, and such shares are not directly subject to taxation.

On the other hand, income derived from dividends on corporate stocks is not made subject to taxation as income. The tax law in Part I, § 4, cl. 4, does not purport to levy a tax upon income such as that derived from dividends on corporate stocks. The only kind of income which is made subject to taxation is that derived from "an annuity" and "the excess above $2,000 of the income from a profession, trade or employment." This does not include dividends from shares of stock. *Watson* v. *Boston*, 209 Mass. 18, 21.

The tax in the case at bar manifestly is not an income tax. A tax upon income means a tax upon all property received as income during the tax year. It does not mean the property derived from that source which is in hand on the date as of which the tax must be laid. The present tax is upon money in bank on the tax day. It is a property, not an income tax.

It is argued that this property is not subject to taxation because it is not included within the words of Part I, § 23, cl. 5, as amended by St. 1911, c. 383, § 2, namely "Personal property held in trust . . . the income of which is payable to another person." It is not implied by these words that the trustee is made subject to taxation only for the principal and in no event for any form of the income of a trust fund. The dominating purpose of that section is not to describe property subject to taxation, but to designate the persons to whom and the municipalities in which property shall be taxed. The description of the property which is subjected to and made exempt from taxation is in other sections of the tax law.

There is no special exemption of property of this kind. It comes within the class of property made subject to taxation. All property coming within that classification is taxable regardless of the source from which it comes. It is subject to taxation as property and not as income. Its title is in the trustee as owner, al-

though not for his own benefit. It would have been subject to taxation in the hands of the beneficiary.

The property bears no analogy to the exemption of imports from taxation by the States under the Federal Constitution which perdures until the import has become mixed with the general mass of property of the country, *Brown* v. *Maryland,* 12 Wheat. 419, 436, 441, 444, or to the exemption from local taxation of property actually in transit in interstate commerce, *Kelley* v. *Rhoads,* 188 U. S. 1, or to the exemption of money deposited as a step in such transit in a bank for the purpose of transmittal by check, *State* v. *Newark,* 33 Vroom, 74.

The tax was levied in accordance with the statute.

*Judgment affirmed.*