## STATE vs. JAMES H. PINDER.

1. CONSTITUTIONAL LAW—CONSTITUTIONAL PROVISION AS TO TAXATION NOT A GRANT OF POWER.

Const. art. 8, § 1, respecting taxation, is not a grant of power; the Legislature not being restrained in the selection of the subjects of taxation.

2. TAXATION—INCOME IS "PROPERTY" WITHIN CONSTITUTIONAL PROVISION RESPECTING TAXATION.

Income is "property," within Const. art. 8, § 1, respecting taxation, so that the Legislature had authority to enact the Income Tax Law.

3. TAXATION—INCOME TAX LAW NOT UNCONSTITUTIONAL FOR EXEMPTING STATE SALARIES, RENTALS. ETC.

The Income Tax Law held not unconstitutional for any lack of uniformity on the same classes of subjects within the territorial limits of the state, because exempting salaries of state officials, rentals from real estate, income from agricultural operations, and incomes not exceeding one thousand dollars.

4. CONSTITUTIONAL LAW—TAXATION—INCOME TAX LAW DOES NOT DENY EQUAL PROTECTION OF LAWS OR DUE PROCESS.

Income Tax Law, providing for certain exemptions, held not violative of Const. U. S. Amend. 14, or Const. Del. art. 1, § 7, as denying equal protection of the laws or depriving the citizen of his property without due process.

(October 18, 1919.)

CONRAD and HEISEL, J. J., sitting.

David J. Reinhardt, Atty.-Gen., P. Warren Green, and Frank L. Speakman, Deputy Attys.-Gen., for the State.

Henry R. Isaacs and William W. Knowles for defendant.

Court of General Sessions for New Castle County, September Term, 1919.

INDICTMENT No. 143, September Term, 1919.

James H. Pinder, indicted for violating the state Income Tax Law, demurs to the indictment. Demurrer overruled.

The indictment contained two counts. The first count charged that James H. Pinder "unlawfully did refuse to make a true and accurate return under oath to the state treasurer of the state of Delaware, in the form prescribed by the said state treasurer, setting forth specifically the gross amount of income from all separate sources and the aggregate of all exemptions and deductions authorized by law, for the calendar year 1918, he, the said James H. Pinder, having received during the calendar

year of 1918, a gross income of $1,000, or over, against," etc. The second count is the same as the first, except it charges that James H. Pinder "unlawfully and willfully neglected to make a true and accurate return," etc.

The defendant filed a demurrer to the indictment, and the causes assigned raised the question of the constitutionality of the Income Tax Law. *Chapter 26, Volume 29, Laws of Delaware.*

The Court of General Sessions, considering that the questions of law involved ought to be heard by the Court in Banc, and upon the application of the parties, directed the same to be so heard. *Article 4, § 15, Constitution 1897.*

The cause, coming on to be heard in the Court in Banc, was argued before PENNEWILL, C. J., and BOYCE, CONRAD, RICE, and HEISEL, JJ.

The causes of demurrer, and the four distinct grounds urged at the argument, in support of the demurrer, appear in the opinion of the Court in Banc.

PENNEWILL, C. J., delivering the opinion of the court:

To the indictment the defendant filed a demurrer, the causes being stated as follows:

"1.   That *chapter 26, Volume 29, Laws of Delaware*, being the statute law under which the indictment in said cause is framed and found, is, under the provision of *article 8, section 1*, of the Constitution of the State of Delaware, unconstitutional and void.

"2.   That said statute, being the law under which the indictment in said cause is framed and found, is, under the provisions of *article 8, section 1*, of the Constitution of the State of Delaware, providing that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, unconstitutional and void, in that it discriminates against citizens of the same class.

"3.   That said statute, being the law under which the indictment in said cause is framed and found, is, under the provisions of *article 8, section 1*, of the Constitution of the State of Delaware, unconstitutional and void, in that the clear intendment of said article and section is that taxes shall be levied upon 'property' only, whereas the said defendant contends that the income of citizens is not 'property' and therefore not within the purview of said article and section of the Constitution.

"4.   That said statute, being the law under which the indictment in said cause is framed and found, is, under the provisions of *article 14, section 1*, of the Amendments to the Constitution of the United States, providing that no state shall deny to any person within its jurisdiction the equal protection of the law, unconstitutional and void, inasmuch as said statute

confers upon citizens to wit, the Governor of the state at the time of the enactment of said statute and other public officers of the state then in office during their then present terms of office respectively and citizens deriving income from the rentals of real estate and gains or profits from agricultural occupations, certain privileges which are not conferred upon other citizens of the same class.

"5. That said statute, being the law under which the indictment in said cause is framed and found, is, under the provisions of *article* 14, *section* 1, of the Amendments to the Constitution of the United States, providing that no state shall deny to any person within its jurisdiction the equal protection of the law, unconstitutional and void, inasmuch as it exempts out of the income of each taxable the sum of one thousand dollars ($1,000), no greater exemption being allowed to a married man, or to the head of a family, or to a citizen having persons dependent upon him for support, than to an unmarried person, or to a person not the head of a family, nor having those dependent for support upon him or her.

"6. That said statute is, under the provisions of *article* 14, *section* 1, of the Amendments to the Constitution of the United States, unconstitutional and void, in that thereby this state is attempting to deprive persons of liberty and property without due process of law.

"7. That said statute is, under the provisions of *section* 7, *article* 1, of the Constitution of this state, unconstitutional and void, in that thereby persons are deprived of liberty and property contrary to the law of the land.

"8. That said statute, being the law under which the indictment in said cause is framed and found, is unconstitutional and void, inasmuch as there is no provision in the Constitution of the state of Delaware conferring upon the Legislature of the state the power to enact a law whereby an income tax may be levied and collected."

At the argument on the demurrer, counsel for the defendant attacked the constitutionality of the Income Tax Law on the following grounds:

1. Because the Legislature had, at the time of the enactment of said law, no authority under the Constitution of the state to enact a statute providing for an income tax.

2. Because said statute lacks the uniformity required of all tax laws by *article* 8, *section* 1, of the Constituion.

3. Because the statute denies to citizens of the state the equal protection of the law guaranteed by the *Fourteenth Amendment* to the Constitution of the United States.

4. Because by said statute the defendant is deprived of his property "without due process of law" and contrary to the "law of the land," in violation of said *Fourteenth Amendment* to the Constitution of the United States, and of *section* 7, *article* 1, of the Constitution of this state.

[1, 2] *Section* 1 of *article* 8 of the Constitution of this state provides as follows:

"All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and

collected under general laws, but the General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare."

The defendant contends that the Legislature had no authority to enact a statute providing for an income tax, because, under said *section* 1 of *article* 8 of the Constitution, nothing but "property" can be the subject of taxation, and income is not property. He insists that while said section, for the purpose of taxation, refers to "class of subjects," which is general, and not specifically exclusive of "income," nevertheless the use of the word "property" in the exemption clause makes it clear that nothing can be taxed that is not property. The defendant admits that it is competent for the Legislature to exempt from taxation such property as will in its judgment best promote the public welfare, provided the exemption is reasonable and not arbitrary, but insists that income is not property and, therefore, not subject to exemption.

In support of his contention that the income of the citizen is not property for purposes of taxation, the defendant has cited the following authorities: *Savannah v. Hartridge*, 8 *Ga.* 23; *Waring v. Savannah*, 60 *Ga.* 93; *Dyer v. Melrose*, 197 *Mass.* 99, 83 *N. E.* 6, 34 *L. R. A.* (*N. S.*) 1215, 125 *Am. St. Rep.* 330; *Wilcox v. County Commissioners*, 103 *Mass.* 544; *Glasgow v. Rowse*, 43 *Mo.* 479; *State v. Frear*, 148 *Wis.* 456, 134 *N. W.* 673, 135 *N. W.* 164, *L. R. A.* 1915*B*, 569, 606, *Ann. Cas.* 1913*A*, 1147; *Black on Income, etc.*, 19.

Probably no other cases can be found that can be regarded as supporting in the slightest degree the defendant's contention, and upon examination it appears that the cases cited are not really in point. The Georgia cases furnish the basis for the text of Mr. Black, and *Savannah v. Hartridge* is the defendant's leading authority. In that case was involved the validity of a city ordinance which imposed a tax on incomes, and the question raised was not the power of the state to tax incomes, but whether such tax was authorized by any of the three acts granting to council the power to tax. The court, in denying the authority, said:

"This may be thought a close construction of the charter;" but we must recollect "that, in the construction of statutes made in favor of corporations or particular persons, and in derogation of common right, care should be taken not to extend them beyond their express words, or their clear import."

The court also said in that case:

"And the point to be decided is, not whether income may, not possibly, be comprehended under the general name of property, but whether such is its meaning, and such was the design of the Legislature, in this act?"

In *Waring v. Savannah*, the court said:

"So that, perhaps, the true question is this: Is income property, in the sense of the Constitution, and must it be taxed at the same rate as other property?"

This case is similar in principle to *Glasgow v. Rowse*, in which it was held that income tax "did not come within the meaning of the term 'property' as used and designated in the Constitution." Necessarily it was so held, because the Constitution required that taxation on *property* should be in proportion to its value, and a tax on income would be in violation of the ad valorem principle. The tax could not, therefore, be sustained if income was property within the meaning of the Constitution. We are unable to see that the case of *Dyer v. Melrose* has any application to the present one, and in *Wilcox v. County Commissioners* the question was the distinction to be drawn between income derived from business which was taxable under the law and income derived from property subject to taxation which was exempt from tax. The *Wisconsin Constitution* provides that—

"Taxes shall be levied upon such property as the Legislature shall prescribe," and "may be imposed on incomes, privileges, and occupations." *Article* 8, § 1.

The court, in *State v. Frear*, very properly said:

"The people * * * have said that 'property' means one thing and 'income' means another; in other words, that income taxation is not property taxation, as the words are used in the *Constitution of Wisconsin*."

The provision of our Constitution respecting taxation is not a grant of power. The Legislature is not restrained in the selection of the subjects of taxation. We have no such provision as

that taxes shall be "uniform on all property or species of property taxed," or that "taxation upon property shall be in proportion to its value or ad valorem."

In the absence of any authority on the subject, this court would unhesitatingly hold that income is property within the meaning of *section* 1, *article* 8, of our Constitution, and, therefore, subject to taxation or exemption, shall we hold differently because the court, in a Georgia case, decided in 1850, declared that income was not property within the meaning of the taxation laws of that state then before the court? We think the distinction drawn by the Georgia court was very technical, if not illogical, because if income is property for other purposes, why should it not be for the purpose of taxation? It is the subject of larceny because it is property, and in these times is universally considered property.

But it is possible to uphold the tax assessed against the defendant upon a somewhat different ground. *Mr. Cooley*, in his work on Taxation (*3d Ed.*) 789, says:

"The power of taxation is an incident of sovereignty, and is possessed by the Legislature without being expressly conferred by the people. It is a legislative power. * * * Everything to which the legislative power extends may be the subject of taxation. * * * Nothing but express constitutional limitation upon legislative authority can exclude anything to which the authority extends from the grasp of the taxing power, if the Legislature in its discretion shall at any time select it for revenue purposes."

And in *Judson on Taxation* (*2nd Ed.*) § 496 (544), it is said:

"The legislative power of taxation is inherent, and the state Constitution is only operative as a restraint, not as a grant of power."

We must assume, therefore, that the Delaware Legislature would have the power to tax the income of the citizen, even though the power is not expressly given by the Constitution, if there is no restriction or inhibition against it. This is not denied by the defendant, but he insists that there is an inhibition against it, namely, the plain intent that nothing but property shall be taxed. It is not contended that there is any express inhibition, but only that which is implied from the use of the word "property" in the exemption clause. The Legislature having the inherent power

to tax everything to which the legislative power extends, which necessarily includes income, it might be reasonable and legal to hold that the word "property" in the exemption clause is employed in its broadest sense, and comprehends everything, or class of subjects, to which the legislative power extends.

The Constitution makers, doubtless recognizing this inherent power of the Legislature to tax anything, did not undertake to grant the power of taxation, or say what might be taxed, but merely provided that the tax imposed on any class of subjects should be uniform, and that the Legislature might exempt such property as in its opinion would best promote the public welfare. By "such property" manifestly was meant anything that was taxable under the inherent power of the Legislature. All that the Constitution makers had in mind respecting taxation was uniformity and the public welfare. Everything else was left to the discretion of the Legislature. Instead of limiting by implication the things that might be taxed, we think the word "property" might be so construed as to be consistent with the inherent power of the Legislature in the matter of taxation, there being no restriction or inhibition in the Constitution upon its power in that regard.

But while this is true, we prefer to take the natural, logical and reasonable position that income is property, within the meaning of that word as used in the exemption clause of *section* 1, *article* 8, of the Delaware Constitution. And we are inclined to believe that no court in this country to-day, in construing a constitutional provision similar to ours, would maintain the contrary position.

[3] Is the Income Tax Law unconstitutional because of lack of uniformity, as claimed by the defendant in his second point?

He contends that the statute is not uniform upon the same class of subjects within the territorial limits of the authority levying the tax, because salaries of state officials, rentals from real estate, income derived from agricultural operations, and incomes that do not exceed $1,000 are exempt from its operation. It is admitted that all other exemptions are reasonable and valid.

Opinion. ·

The argument of the defendant is based primarily on the assumption that, by the exemptions of which he complains, certain classes of citizens are exempt as individuals from taxation, namely office holders, landowners, and farmers or persons engaged in agricultural pursuits. Such assumption is manifestly incorrect and misleading. The purpose and effect of the law is, not to exempt such persons, but their income derived from certain sources, and clearly specified. Income they may receive from other sources is taxable under the law.

So that the question before the court is not whether the Legislature can exempt certain classes of citizens from taxation, as individuals, but whether the income they may receive from certain sources may be exempt.

Before considering each of these exemptions separately, it may be said generally that the question also is, not whether such exemptions in fact best promote the public welfare, but whether they did so in the opinion of the General Assembly. And the only qualification the law affixes to the opinion and act of the General Assembly is this: It must be reasonable and not arbitrary.

Under the law the Legislature is given much latitude in determining what kinds of property should be exempt from taxation, as best promoting, in their opinion, the public welafre.

With such rules for our guidance, we will now consider the exemptions complained of:

(a) Salaries of State Officers. The General Assembly could have had but one reason for such exemption, and that was the belief that the taxing of such income would make the act unconstitutional. And, without deciding whether such would have been the effect or not, it is sufficient to say that the belief which influenced the Legislature was a reasonable one. In view of the fact that our Constitution prevents the diminishing of the salary of a state officer during his term of office, and of the further fact that Congress made the same exemption in the federal Income Tax Law, because of the belief that otherwise the act would be declared unconstitutional, it was natural and proper that our Legislature should make the exemptoin in question.

It will be observed that the act does not exempt salaries received after the terms of office which began before the enactment of the law.

(b) Rentals of Real Estate. Manifestly, the reason for this exemption was the belief of the General Assembly that the burden of taxation had not been fair, and that real estate has borne too great a proportion of such burden. In order to equalize the load as much as possible in a tax law, it was provided that the new tax created, the income tax, should not affect rentals of real estate, but should affect such sources of income as previously had not been taxed, or had not been taxed as heavily as real estate.

(c) Gains or Profits Derived from Agricultural Operations. This exemption is closely related to the one just considered, and the same reasoning applies. It is true that it relieves the tenant, as well as the landowner, from the payment of any tax on the profits derived from use of the land, and while he is not required to pay a tax on real estate, he is required to pay a tax on his other taxable personal property. But evidently the theory and the fact upon which the Legislature acted was that, if the tenant had to pay a tax upon his profits derived from operating the farm, he would be entitled to a lower rental, and to the extent the rental was decreased, the return of the landowner would be diminished. In other words, the owner would indirectly have to pay the tax levied against the profits of his tenant.

(d) In respect to the exemption of incomes that do not exceed $1,000, it is enough to say that the Legislature might very well have thought that such exemption would best promote the public welfare. It was a proper and reasonable classification of persons whose incomes are very limited, and one that in principle is universally recognized, so far as we are informed, in laws that provide for the taxation of incomes. *Peacock v. Pratt*, 121 *Fed.* 772, 58 *C. C. A.* 48.

In respect to the three exemptions last mentioned, it may be said that the question is not whether the General Assembly was right in its conclusion as to the widsom and justice of the exemptions, but whether their opinion that the exemptions were proper and would best promote the public welfare was reason-

able. We are not prepared to say it was not reasonable. It was not arbitrary and it did not make the act invalid.

The court are of the opinion that the Legislature had authority to enact the act in question, and that it is not invalid because of lack of uniformity.

The remaining grounds of demurrer, namely, the denial of the equal protection of the law, depriving the defendant of his property without due process of law, and contrary to the law of the land, were discussed by defendant's counsel only in a general way and very briefly. Evidently, they did not rely with much confidence on those grounds, and we deem it unnecessary to discuss them at length.

[4] The State Income Tax Law is not, in our opinion, open to any objection as violation of the Fourteenth Amendment to the federal Constitution, or of *section 7, article 1*, of the Constitution of this state, and this conclusion is amply supported by authority. *Michigan Central R. R. Co. v. Powers*, 201 *U. S.* 292, 26 *Sup. Ct.* 462, 50 *L. Ed.* 744; *Bell's Gap Co. v. Pennsylvania*, 134 *U. S.* 232 (237) 10 *Sup. Ct.* 533, 535 (33 *L. Ed.* 892); *Davidson v. New Orleans*, 96 *U. S.* 97, 24 *L. Ed.* 616; *Barbier v. Connolly*, 113 *U. S.* 27–31, 5 *Sup. Ct.* 357, 28 *L. Ed.* 923; *Peacock & Co. v. Pratt*, 121 *Fed.* 773, 58 *C. C. A.* 48; *Connolly v. Union Sewer Pipe Co.*, 184 *U. S.* 562, 22 *Sup. Ct.* 431, 46 *L. Ed.* 679; *Pollock v. Farmers' Loan Co.*, 158 *U. S.* 629, 15 *Sup. Ct.* 912, 39 *L. Ed.* 1108.

In the *Michigan case* the court said:

"There can * * * be no question * * * that it was not designed by the *Fourteenth Amendment* * * * to prevent a state from changing its system of taxation in all proper and reasonable ways."

And in the *Bell's Gap Co. Case* it was said:

"All such regulations, and those of like character, so long as they proceed within reasonable limits and general usage, are within the discretion of the state Legislature, or the people of the state in framing their Constitution. But clear and hostile discriminations against particular persons and classes, especially such as are of an unusual character, unknown to the practice of our governments, might be obnoxious to the constitutional prohibition. * * * We think that we are safe in saying that the *Fourteenth Amendment* was not intended to compel the state to adopt an iron rule of equal taxation."

All that the law requires is that the classification of the persons who are to be exempt from the operation of the statute shall not be arbitrary and unreasonable, under the conditions which the Legislature believed to exist, that it shall be possible for the court to say there was a fair reason for the exemption, and that the classification rests upon some difference which bears a reasonable and just relation to the act in respect to which the classification was proposed. This, according to all the authorities, is the test, and measured by such test, we think the statute in question is not invalid because of the exemptions allowed. *State v. Wickenhoefer*, 6 *Pennewill* 138, 64 *Atl.* 273.

It is ordered that the foregoing opinion be and it hereby is certified to the Court of General Sessions in and for New Castle County. (Signed by all the judges.)

Whereupon the latter court, being in session, overruled the demurrer, and the defendant took final judgment.