URIEL H. CROCKER, trustee, vs. EDWARD P. SHAW.

Suffolk.     March 23, 1899. — September 11, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Collateral Successions — Tax — Trust Deed — Constitutional Law —
Power of Appointment.*

Prior to St. 1891, c. 425, imposing a tax on collateral successions, a married woman conveyed property to a trustee to pay her the income for life, and the principal after her death to such persons as she should appoint by her last will. She died in 1895 leaving a will by which she appointed the property to persons not exempt under the above statute. *Held,* that the property was liable to the tax and that the statute was constitutional.

PETITION to the Probate Court for instructions as to the payment of a tax under St. 1891, c. 425. The court ruled that the property was subject to the payment of the tax, and the petitioner appealed. Hearing before *Hammond,* J., who, at the request of the petitioner, reserved the case upon the pleadings and an agreed statement of facts for the consideration of the full court. The facts appear in the opinion.

*F. Brewster,* for the petitioner.

*A. W. DeGoosh,* Assistant Attorney General, for the respondent.

MORTON, J. This was a petition for instructions to the Probate Court by the petitioner as trustee under two indentures dated in 1865 and 1885 respectively, and executed by Frances W. Ladd and her husband, Alfred Ladd, by which certain property was conveyed by the said Frances to the petitioner in trust to pay over the net income to her during her life, and after her death, subject to a provision in favor of her daughter, which has become inoperative by reason of the daughter's death before that of the mother, to convey and transfer the principal to such persons as she should appoint by her last will. Frances W. Ladd died in 1895, leaving a will which has been duly proved in Suffolk County. By her will she directed that a large portion of the trust property should be paid over and transferred to persons so related, that the property is liable to a collateral inheritance tax if St. 1891, c. 425, and the acts in amendment thereto, are

applicable. It is agreed that the said Frances was domiciled in Boston at the time of her death and when the trust indentures were executed, and that at each of' those dates the trust estate was within the jurisdiction of this Commonwealth. The Probate Court ruled that the property was subject to the payment of the tax. The trustee appealed, and the case was heard on agreed facts by a justice of this court, who affirmed the decree of the Probate Court, and the trustee thereupon appealed to the full court.

The questions are whether the property passed " by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor," whether the statute is constitutional as applied to cases like this, and whether the statute applies to cases where the deed was made before it went into effect, although the property vested after that event.

It seems to us clear that the property passed by a deed intended to take effect in possession or enjoyment after the death of the grantor. Mrs. Ladd's will is to be referred, as was held in *Emmons* v. *Shaw*, 171 Mass. 410, to the instruments creating the power under which it was executed, and is to be regarded as a disposition made by the donor of the power. It makes no difference that the donor of the power and the person executing it are one and the same. If the provisions contained in the will of Mrs. Ladd had been incorporated into the trust indentures, there can be no doubt that the property in reference to which this controversy has arisen would have passed under a deed intended to take effect in possession and enjoyment *quoad* that property on the death of the grantor. The grantor would have taken a life estate, and the various gifts would have taken effect in possession and enjoyment at her death. *In re Seaman*, 147 N. Y. 69, 77. *In re Green*, 153 N. Y. 223.

We see no difference in principle between property passing by a deed intended to take effect in possession or enjoyment on the death of the grantor and property passing by will. In either case it is the privilege of disposing of property after the death of the grantor or testator and of succeeding to it which is taxed, though the amount of the tax is determined by the value of the property. The constitutionality of the law in regard to taxing property passing by will was fully considered in *Minot* v. *Winthrop*, 162 Mass. 113, and that case, we think, is decisive of this.

It is immaterial, it seems to us, in this case, as it would be in the case of a will, that the indentures were dated and executed before St. 1891, c. 425, took effect. It is the vesting of the property in possession and enjoyment on the death of the grantor and after the statute took effect, that renders it liable to the tax, and both of those things happened in this case. *In re Green* and *In re Seaman, ubi supra.*

The appellant has pointed out some difficulties that might arise in a supposable case, but it is enough to say that they do not exist in this case. No interest vested in this case either in possession or enjoyment in any of the legatees till after the death of the grantor; and that did not happen till after the passage of St. 1891, c. 425. It was held in *Cushing* v. *Aylwin*, 12 Met. 169, that Rev. Sts. c. 62, § 3, applied to a will made before that law took effect, " when the will had not taken effect, before that time, by the death of the testator." We think that that case applies to this, and, if authority is needed, is sufficient to justify the conclusion to which we have come. It is true that in New York there is an express provision by which the statute is applicable whether the transfer was made before or after the passage of the act. But we think that the conclusion arrived at in the cases in that State to which we have referred would have been the same without that provision.

*Decree of Probate Court affirmed.*