## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

Under the Constitution of this Commonwealth a tax upon property must be proportional as well as reasonable, and therefore a statute which would operate to impose a different rate of taxation upon personal property from that imposed on real estate would be unconstitutional.

Under the Constitution of this Commonwealth the Legislature cannot impose an excise tax on the mere ownership or possession of personal property of every kind.

THE following order was passed by the House of Representatives on May 1, 1911, and on May 5, 1911, was transmitted to the Justices of the Supreme Judicial Court. On May 15, 1911, the Justices returned the answer which is subjoined.

ORDERED, that the opinion of the Justices of the Supreme Judical Court be required on the following important questions of law:

First. Can the General Court, under the clause of the Constitution that grants to it full power to impose and levy proportional and reasonable assessments, rates and taxes upon all the inhabitants of, and persons resident, and estates lying, within the Commonwealth, enact a law to create a tax district of the entire Commonwealth for State taxation, and to raise therein revenues by a State tax levied uniformly throughout said district upon all personal property now lawfully subject to local assessment, at the average rate at which real estate was taxed locally throughout the Commonwealth in the year last preced-

ing, or some other reasonable rate whereby the taxation of personalty in the aggregate shall be made substantially proportional with the local taxation of realty in the aggregate in the same district, exempting all realty from State taxes and all personalty from local assessment?

Second. Can the General Court, under the clause of the Constitution which gives it power to levy reasonable excises upon any produce, goods, wares, merchandise and commodities whatsoever brought into, produced, manufactured or being within the Commonwealth, levy an excise upon all personal property now lawfully subject to local assessment therein, at a uniform reasonable rate throughout the Commonwealth, which shall be the average rate at which real estate was taxed therein in the year last preceding, or some other reasonable rate whereby the taxation imposed shall be substantially proportional with the taxation of real estate in the aggregate throughout the Commonwealth, exempting real estate from such excise and personalty from local assessment?

Third. Has the General Court a constitutional right to levy a property or excise tax upon personal property locally by the assessors in the various cities and towns, at a rate uniform throughout the Commonwealth provided for by section 43 of Part III. of chapter 490 of the acts of the year 1909, or some other rate so uniform throughout the Commonwealth, in common with the taxation of real estate therein under existing laws?

The questions above stated are propounded with a view to consideration of two pending bills: namely, House documents Nos. 974 and 1171 of the current year, copies of which are herewith submitted.

[Bill No. 974 was entitled " An Act to provide for the State Assessment of Personal Property." Bill No. 1171 was entitled " An Act to provide for a Uniform Rate of Taxation upon Personal Estate."]

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have considered the questions, a copy of which is hereto annexed, and respectfully answer them as follows:

The interpretation of the Constitution, in that part which is embodied in the questions, is familiar. It has been stated in numerous opinions in litigated cases, as well as in answers to questions propounded by a branch of the General Court.

Taxes under our Constitution are of two kinds, taxes upon property and excise taxes. Those of the first kind must be proportional as well as reasonable. All kinds of property, unless exempted for good cause, must be taxed alike. It is not permissible to make an assessment at one rate upon real estate and at another rate upon personal property. In the *Opinion of the Justices*, 195 Mass. 607, the subject was fully considered, with a citation of authorities. Mr. Justice Wells in *Cheshire* v. *County Commissioners*, 118 Mass. 386, 389, used this language: " That provision requires that all taxes levied under its authority be ' proportional and reasonable,' and forbids their imposition upon one class of persons or property at a different rate from that which is applied to other classes, whether that discrimination is effected directly in the assessment or indirectly through arbitrary and unequal methods of valuation. . . . No enactment respecting taxation under this clause conforms to its provisions if it directly and necessarily tends to disproportion in the assessment." It is obvious that the assessments proposed in these questions would be disproportional taxation. The rate upon personal property in any city or town in any year, would be different from the rate of taxation upon real estate in that city or town. The taxation upon personalty would be the same throughout the State, and would be determined by the average rate upon real estate assessed for local taxation in the preceding year. This might vary from the average rate of taxation upon real estate for the current year. As the rates of local taxation upon real estate would differ greatly in different places, the rate in any place might differ widely from the average rate. The result would be that a person having an investment of $10,000 in real estate would be obliged to bear a materially different part of the public burdens from one in the same city or town having an investment of the same amount in personal property. We answer the first question in the negative.

The authority to levy an excise tax does not include a right

to tax the mere ownership or possession of personal property of every kind. Such a tax cannot be laid upon money in one's pocket, or on deposit in a bank, or on money at interest, or on credits of any kind. This provision of the Constitution was carefully examined, and the cases arising under it were discussed in *Opinions of the Justices*, 196 Mass. 603, 604, 619, 621, and while upon some points there was difference of opinion among us, there was no difference of opinion in regard to the matters stated above. We answer the second question in the negative.

From what we have already stated, it follows that the third question also must be answered in the negative.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
ARTHUR PRENTICE RUGG.