FRANCIS C. WELCH & another, trustees, *vs.* TREASURER AND RECEIVER GENERAL.

Middlesex.    January 28, 1914. — March 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Tax,* On successions. *Statute.*

In St. 1907, c. 563, relating to the taxation of legacies and successions, the provision of § 25, that "this act shall not apply to estates of persons deceased prior to the date when it takes effect, or to property passing by deed, grant, sale, or gift made prior to" the date when the statute took effect, prevents the imposition of a tax under that statute upon a sum which, under the provisions of a trust deed that went into effect in 1897, directing the trustees on the death of the grantor to pay over the trust fund to his children, came into possession of a child of the grantor on the death of the grantor after the statute went into effect.

DE COURCY, J. This is an appeal from a decree of the Probate Court directing the repayment to the petitioners of certain inheritance taxes paid by them under protest. The taxes were assessed under St. 1907, c. 563, upon the right of succession of the children of Charles W. Loring, deceased, accruing under a deed that was executed by him in 1897.

By this deed the grantor conveyed all his property to Horace

Loring and Francis C. Welch in trust to pay his then existing debts, to manage and invest the trust fund, and to pay the net income to him quarterly during his life. The habendum of the deed then continues as follows: "or at their discretion they may expend the same and the whole or any portion of the principal of said fund for the maintenance and support of myself and family and the education of my children and at my decease to pay the net income thereof to my wife, Harriet F. Loring during her life, and at her decease, or at my decease, if I shall survive her, to pay the net income thereof in equal shares to my children, Rose, Charles R. and Edward C. Loring and to the survivor and survivors of them, the issue of a deceased child, however, to take its ancestor's share by right of representation, or my trustees from time to time may expend said income for the maintenance and support of my said wife and issue, and the education of my issue, and at the decease of the last survivor of myself, my said wife and my said three children, to pay over, transfer and convey the principal of said fund as it shall then exist to those persons who are at that time my heirs by blood." It appears that in pursuance of this trust the trustees took charge of the property; and after four or five years they were enabled to pay all the debts, and from that time to pay the income to or for the benefit of the grantor until his death in October, 1907. His wife died in May, 1901. With reference to the character of the trust, the single justice* has found "that it was a *bona fide* trust made by Mr. Loring, in apprehension that he might become insolvent and with the intent to provide for the payment of his debts and the support of himself and his family; that the property was conveyed to the trustees and thereafter held by the trustees in good faith under the trust." A further finding was that while the payments of income were made directly to Mr. Loring, this was done under the supervision of one of the trustees, who saw to it that the moneys were applied to the family maintenance.

St. 1907, c. 563, went into effect on the first day of September, 1907, or a little more than a month before the death of Mr. Loring. The principal contention of the petitioners is that the inter-

---

* The appeal was heard by *Loring,* J., who reserved it, upon the pleadings, the findings of facts, and the evidence, for determination by this court.

est which the Treasurer and Receiver General seeks to reach in the present case is one which passed by the deed of 1897, long before this statute took effect. Section 25 of the statute provides as follows: "This act shall not apply to estates of persons deceased prior to the date when it takes effect, or to property passing by deed, grant, sale, or gift made prior to said date; but said estates and property shall remain subject to the provisions of the laws in force prior to the passage of this act."

The plain meaning of this language is that property whose title passed before the date when the statute took effect, is not affected by it. For determining whether this or the earlier laws should apply, a definite and practical date was provided, — that of death where the property passes by will or under the intestate succession laws, and that of the deed when the title so passes. This section applies to the case at bar. Almost ten years before the statute became operative Mr. Loring irrevocably and completely conveyed away all his right and title in this property; and at that time, and by the same instrument, the life interest of the petitioners was vested in them, even though it was subject to possible defeasance by the joint act of the trustees, Mr. Loring, and, during her life, Mrs. Loring. As between the grantor and the trustees the conveyance was absolute, as he had no more power to revoke or alter the deed than he would have had if the so called power of revocation had not been inserted therein.

There is no ambiguity in the language of this section to justify a construction at variance with its plain meaning. It well may be, as contended by the Commonwealth, that but for its provisions, as literally construed, the succession of the children of Charles W. Loring would be subject to a tax under § 1 of the statute, as property passing by deed "made or intended to take effect in possession or enjoyment after the death of the grantor." *Crocker* v. *Shaw*, 174 Mass. 266. *State Street Trust Co.* v. *Treasurer & Receiver General*, 209 Mass. 373. Nevertheless the object aimed at in § 25 was not the creation of exemptions, even though its effect in this case may be to relieve these heirs from liability. The St. of 1907 was enacted to impose inheritance taxes upon direct heirs, who were not within the scope of the earlier laws; and it also was designed to deal with the whole subject of the taxation of successions at that time. *Attorney General* v. *Stone*, 209 Mass. 186,

192. The main purpose of § 25 was to establish a definite line between the cases that should be governed by the law and procedure of the new act, and those that would remain subject to the provisions of the laws in force before its passage.

The Probate Court was right in ordering that the Treasurer and Receiver General should repay to the petitioners the amount of the tax and interest paid by them, amounting to $948.12, with interest thereon from February 11, 1913, the date of said payment. The decree is to be modified by adding interest to this date, and the costs of appeal; and as thus modified is to be affirmed.

*So ordered.*

*A. E. Seagrave,* Assistant Attorney General, for the respondent.

*B. Corneau,* for the petitioners.