LEVERETT SALTONSTALL & others, trustees, *vs.* TREASURER
AND RECEIVER GENERAL & others.

Suffolk. January 18, 1926. — June 29, 1926.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & SANDERSON, JJ.

*Tax,* On legacies and successions. *Constitutional Law,* Taxation. *Trust,*
Taxation of right of succession to interest accruing on death of donor.
*Words,* "Succession."

An owner of property in 1905–1907 transferred it to trustees in trust, in
substance to pay him the income during his life, after the death of him-
self and his wife to pay the income in equal shares to a son and a daugh-
ter with spendthrift trust provisions as to each, and after the death of
each child to pay income to the surviving issue of such child and ul-
timately to divide the principal, with gifts over in default of issue. It
also was provided that the terms and provisions of the trust instrument
might be changed and the trusts terminated by writings signed by the
donor and by one or more of the trustees. By an amendment, the
trustees were given discretionary power to apply the share of the son
for his benefit, or to pay it to his guardian, or to accumulate it. The
donor died in 1920, having terminated the trust under its provisions only
as to a portion of the fund. The trustees sought instructions as to their
duty respecting taxes claimed by the Commonwealth. *Held,* that

(1) The interests of the children of the donor were rights to income
which became their absolute property only when paid to them or ap-
propriated for their benefit, and in the case of the son, such payment
or application was subject to the discretion of the trustees, who might
pay him nothing;

(2) "Succession," as that term is used in Sts. 1909, c. 490, Part IV,
§§ 1, 25; c. 527, § 8; 1914, c. 563; 1916, c. 268, §§ 1, 4, included as an
essential element the entering into possession and enjoyment of prop-
erty by the beneficiary;

(3) The terms of the trust instrument as to change and termination
of the several trusts by concerted action of the donor and one trustee
included in substance and effect a power of appointment within the
meaning of St. 1909, c. 527, § 8, the donor of the trust being himself
"donee of such power" within the provisions of the statute;

(4) Such power to change or terminate the trust not having been
exercised during the life of the founder of the trust, who was a "donee
of·such power" under the statute, and not being capable of being ex-
ercised after his death, St. 1909, c. 527, § 8, authorized an excise upon
that part of the commodity of succession which consisted of the vesting
of the property in possession and enjoyment in the daughter and son
as of the date of the death of their father;

(5) In such excise, there was no taking of property without due
process of law nor impairing of the obligations of any contract in con-

travention of the Fourteenth Amendment to the Constitution of the United States.

The founder and all of the beneficiaries and the trustees of the trust above described were residents of this Commonwealth, all cash and securities were kept here and the trust always had been managed here; certain shares in real estate trusts in Illinois were found by a single justice to be personalty; part of the securities were shares of stock in foreign corporations; the instrument of trust was a Massachusetts document and one of its provisions was that it "should be construed and take effect in all respects according to the law of Massachusetts and in the same manner as if all real and personal estate comprised in it were situate in Massachusetts and governed by the law of that State." *Held*, that the element of succession on which the excise was levied took place in this Commonwealth, with respect to property which was made subject to our excise tax upon the commodity of succession, and was within the jurisdiction of this Commonwealth.

BILL IN EQUITY for instructions, filed in the Supreme Judicial Court for the county of Suffolk on January 31, 1923, by trustees under an indenture of trust made by Peter C. Brooks, who died on January 27, 1920.

The suit was heard by *Wait*, J., who found the facts stated in the opinion and reported the suit to the full court for determination.

*A. D. Hill*, for the plaintiff trustees, stated the case.

*T. Hunt*, for the individual defendants.

*E. H. Abbot, Jr.*, for the defendant Treasurer and Receiver General.

RUGG, C.J.    This is a suit in equity by trustees holding property under an indenture of trust, asking for instructions as to their duty respecting certain excise taxes claimed by the Commonwealth. In 1905, 1906, and 1907, Peter C. Brooks transferred to the plaintiffs or their predecessors property of considerable value upon enumerated trusts in substance as follows, so far as here material: (1) To pay the income to Brooks during his life or to allow it to accumulate at his option. (2) After the death of himself and his wife to pay the income in equal shares to his children, Mrs. Saltonstall and Lawrence Brooks upon spendthrift trust provisions as to each child, (modified by later amendment so as to give to the trustees in addition discretionary power to apply the share of the son for his benefit, or to pay it to guardians, or to accumulate it). (3) After the death of each

child, to pay the income to surviving issue of such child and ultimately to divide the principal, with gifts over in default of issue.  The terms and provisions of the trust instrument might be changed and the trusts terminated by writings signed by Brooks and by one or more of the trustees.  Mr. Brooks died January 27, 1920, having survived his wife and being survived by both his children.  The trust instrument was changed as already pointed out with respect to the son.  The trust also was terminated as to certain shares of stock and the trustees required to transfer them to the daughter.  In 1919 the trust instrument was further amended by providing that during the life of Brooks the entire income should be accumulated and added to the principal.

At the times of the transfers of property to the trustees in 1905, 1906, and 1907, there was no statute imposing an inheritance tax upon property passing to children.  The point to be decided is whether the shares of the children of Brooks under the trust are subject to an excise to be assessed as of the date of his death.  The interest which the daughter took under the trust instrument was not an absolute right to the designated share of the income with the power of alienating it in advance, but only the right to receive that share of income, which became her absolute property only upon payment to her, and not before.  *Broadway National Bank* v. *Adams*, 133 Mass. 170, 173.  *Boston Safe Deposit & Trust Co.* v. *Collier*, 222 Mass. 390.  *Haskell* v. *Haskell*, 234 Mass. 442.  The interest which the son took was more attenuated because, in addition to the spendthrift trust, discretion was validly vested in the trustees to make expenditures themselves for his benefit and withhold the balance of income and add it to the principal.  *Foster* v. *Foster*, 133 Mass. 179.  *Brown* v. *Lumbert*, 221 Mass. 419.  *Wright* v. *Blinn*, 225 Mass. 146.

The governing statutes are as follows: St. 1916, c. 268, § 1, amending the preëxisting general excise tax law on successions, St. 1909, c. 490, Part IV, § 1, so as to read in its parts material to the case at bar, in these words: "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, belonging to in-

habitants of the Commonwealth, and all real estate within the Commonwealth, or any interest therein, . . . which shall pass by will, or by the laws regulating intestate succession, or by deed, grant or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor or donor, . . . shall be subject to a tax . . . ." (See now G. L. c. 65, § 1.) By § 4 of said c. 268 it was provided: "This act shall take effect upon its passage, but it shall apply only to property or interests therein passing or accruing upon the death of persons who die subsequently to the passage hereof." See G. L. c. 65, § 36. St. 1914, c. 563, amended the preëxisting general excise tax law on successions, St. 1909, c. 490, Part IV, § 25, so as to read: "This part shall not apply to estates of persons deceased prior to the date when chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven took effect, nor to property passing by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor when such death occurred prior to said date; but said estates shall remain subject to the provisions of law in force prior to the passage of said chapter." See G. L. c. 65, § 36. It was provided by St. 1909, c. 527, § 8, that "Whenever any person shall exercise a power of appointment derived from any disposition of property made prior to September first, nineteen hundred and seven, such appointment when made shall be deemed to be a disposition of property by the person exercising such power, taxable under the provisions of chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven, and of all acts in amendment thereof and in addition thereto, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by the donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a disposition of property taxable under the provisions of chapter five hundred and sixty-three of the acts

of the year nineteen hundred and seven and all acts in amendment thereof and in addition thereto shall be deemed to take place to the extent of such omission or failure in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." See G. L. c. 65, § 2. The additional taxes provided by Sts. 1918, c. 191; 1919, c. 342, § 4, are pertinent, but no separate question of law is raised touching them and they need not be considered in detail.

All these statutes are in substance, when not in these exact words, entitled, "Taxation of legacies and successions." Their words make plain the legislative purpose to impose the excise on whatever rightly may be termed a "succession" coming within the specific statutory description. "Succession," as that word is used in the statute, has been said in numerous decisions to include the privilege enjoyed by the beneficiary of succeeding to the possession and enjoyment of property. In *Attorney General* v. *Stone,* 209 Mass. 186, at 190, occur these words: "This is an excise tax, imposed not only upon the right of the owner of property to transmit it after his death, but also upon the privilege of his beneficiaries to succeed to the property thus dealt with. *Minot* v. *Winthrop,* 162 Mass. 113, 124; *Crocker* v. *Shaw,* 174 Mass. 266, 267. The privilege is not fully exercised until the property shall have come into the possession of the beneficiary. This rule underlies the reasoning of *Minot* v. *Treasurer & Receiver General,* 207 Mass. 588. And see the cases there cited. Until the full exercise of such privilege and while as yet no tax has been assessed and paid thereon, we see no reason why, by a general rule applicable to all such cases, any pending liability to taxation may not be regulated so as to subject it to a just and uniform method of assessment, even though some change may thereby be made from the method previously adopted." In *Burnham* v. *Treasurer & Receiver General,* 212 Mass. 165, at 167, an excise was upheld "as a tax levied upon the privilege exercised by the

beneficiaries on their coming into the possession and enjoyment of the property." It is manifest from these decisions that succession includes, or may by the Legislature lawfully be described to include, as an essential element the entering into possession and enjoyment of property by the beneficiary. See *Pratt* v. *Dean,* 246 Mass. 300. This point is covered, also, by *Magee* v. *Commissioner of Corporations & Taxation, ante,* 512, decided this day. The words of St. 1916, c. 268, §1, to the effect that interests passing and "made or intended to take effect in possession or enjoyment after the death of the grantor or donor" shall be subject to the tax, are precisely applicable to the facts disclosed in the case at bar. The words of § 4 of the same chapter, making the tax applicable to property or interests "passing or accruing" upon the death of persons subsequent to the act, confirm what already has been said. "Accruing" in this connection has some antithesis to "passing," and was intended to include the entering into "possession or enjoyment" made subject to the tax by § 1.

The terms of the trust instrument as to change and termination of the several trusts by Brooks and one trustee include in substance and effect a power of appointment within the meaning of St. 1909, c. 527, § 8. See now G. L. c. 65, § 2. *Minot* v. *Paine,* 230 Mass. 514, 521, 522. The partial failure by Mr. Brooks, the one named individual whose affirmative action was essential under the trust instrument, to exercise such reserved power, falls within the descriptive words of said § 8 and contributes to, if it does not cause, the coming into possession and enjoyment of the property by the daughter and son as beneficiaries. This power cannot possibly be exercised after the death of Brooks. Hence the property, subject to such power and thus passing to the possession and enjoyment of the daughter and son as beneficiaries, becomes liable to the excise as of the date of the death of Mr. Brooks. *Crocker* v. *Shaw,* 174 Mass. 266. *Minot* v. *Treasurer & Receiver General, supra. Burnham* v. *Treasurer & Receiver General, supra.*

It is the plain import of these statutes in their collective force and effect to subject to the excise tax the interests of

the daughter and son of Brooks at the time of his death. The interest of the beneficiaries took effect in enjoyment and possession after the death of Brooks, and he as founder of the trust did not prevent that result by exercising the reserved power with the assent of one trustee to change the trust instrument in accordance with its terms.

A strong argument in behalf of the beneficiaries has been based on the circumstance that their interests to some extent came into being before the enactment of the first succession tax on interests of lineal descendants, and that upon strict and technical analysis subsequent statutes did not include them. Without pausing to examine this argument in detail, the present statutes cannot be rightly interpreted to exclude their interests, such as they are, from the excise.

It is assumed that an excise cannot be levied upon the mere possession or enjoyment of property. *Opinion of the Justices,* 208 Mass. 616, 618, 619. *Opinion of the Justices,* 220 Mass. 613. *Perkins* v. *Westwood,* 226 Mass. 268. That is not the aim or effect of the statute here in question. It imposes an excise upon succession to property and upon an interest in property accruing at a stated time as part of succession to property. Such succession comprehends as an essential part possession and enjoyment under the circumstances specified. Since the excise may be levied upon the commodity known as succession, it may validly be imposed so long as any part of that commodity remains in existence. *Magee* v. *Commissioner of Corporations & Taxation, supra.* The New York decisions like *Matter of Pell,* 171 N. Y. 48, *in re Lansing,* 182 N. Y. 238, and *Matter of Chapman,* 196 N. Y. 561, as was said in 209 Mass. at page 192, "have not commanded assent in this court."

It follows from what has been said respecting the meaning of "commodity," "succession," "passing" and "accruing," as used in the Constitution and laws of Massachusetts, according to their interpretation by decisions of this court, that there is no violation of the Fourteenth Amendment to the Constitution of the United States in the excise here in question. This point seems to us to be settled by several decisions of the United States Supreme Court. *Carpenter* v. *Pennsyl-*

*vania,* 17 How. 456. *Cahen* v. *Brewster,* 203 U. S. 543. *Chanler* v. *Kelsey,* 205 U. S. 466. *Moffitt* v. *Kelly,* 218 U. S. 400. *Billings* v. *United States,* 232 U. S. 261. *Nickel* v. *Nevada,* 256 U. S. 222. See also, *Magee* v. *Commissioner of Corporations & Taxation, supra,* and cases there collected.

We are unable to perceive anything in *Schlesinger* v. *Wisconsin,* 270 U. S. 230, inconsistent with the result we feel obliged to reach. The facts were different and the succession or gift there sought to be taxed was held to have come to a complete end before the imposition of the tax. The same may be said of *Frew* v. *Bowers,* recently decided by the Circuit Court of Appeals of the Second Circuit, 12 Fed. Rep. (2d) 625.

There is nothing in *Welch* v. *Treasurer & Receiver General,* 217 Mass. 348, at variance with this conclusion because the controlling statute there was different from the present statutes. By intervening enactments the Legislature has manifested a purpose to extend the sweep of the succession excise.

The nature of the excise here in question being an excise upon that part of the commodity of succession which consists of the vesting of the property in possession and enjoyment in the daughter and son, upon the death of Mr. Brooks, a vesting which arose from his failure or omission to participate in the exercise of the right of appointment reserved to him in the trust instrument to change its beneficiaries, renders inapplicable the argument in behalf of the daughter and son to the effect that the excise is in contravention of the Fourteenth Amendment as a taking of property without due process of law. The same is true of their argument that the excise impairs the obligation of any contract involved in the trust instrument.

The commodity upon which this excise is laid is within the jurisdiction of this Commonwealth. Brooks, Mrs. Brooks, their daughter and son all were residents of Massachusetts. All the cash and securities of the trust have been kept in Massachusetts and the trust always has been managed here. The legal title to all the property is in the trustees. It is the finding of the single justice that it is the

law of Illinois, under which the Chicago Real Estate Trust and the Marquette Trust exist, that the interest of a receipt or certificate holder or beneficiary in each of said trusts is personalty. The trustees hold as a part of the trust fund receipts or certificates in each of said trusts. They also hold shares of stock in numerous foreign corporations. The interests of the daughter and son of Brooks under the trust accrued or passed to their actual possession and enjoyment under the protection of the laws of Massachusetts where the founder of the trust, the trustees and the beneficiaries had their domicil and hence were subject to an excise here. While it is possible, as found by the single justice, that some of their rights might be enforced under the laws of other States where the domicil of the corporations or trusts may be, this is the only jurisdiction where it is certain that all their rights can be enforced. This is the place of residence of the trustees. To our courts they may be held to respond for the performance of all their duties. The resident beneficiaries of the trust naturally would resort to our courts for the enforcement of their rights. The instrument of trust on its face appears to be a Massachusetts document. Clause 18 of the trust instrument provides that it "shall be construed and take effect in all respects according to the law of Massachusetts and in the same manner as if all real and personal estate comprised in it were situate in Massachusetts and governed by the law of that State." The situs of shares of stock in corporations and other intangible personal property as a general rule is at the domicil of the owner. *Hawley* v. *Malden,* 204 Mass. 138, affirmed in 232 U. S. 1. *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51. *Maguire* v. *Tax Commissioner,* 230 Mass. 503, affirmed in *Maguire* v. *Trefry,* 253 U. S. 12. *Keeney* v. *Comptroller of New York,* 222 U. S. 525. *Bullen* v. *Wisconsin,* 240 U. S. 625. All intangible securities were actually in Massachusetts where their owners were domiciled. The cumulative effect of all these factors is that the element of succession on which the excise is levied took place in this Commonwealth with respect to property which may be made subject to our excise tax upon the commodity of succession.

The trustees have no present duty to perform as to the excise upon the corpus of the fund and hence are not entitled to present instruction on that subject.

Decree is to be entered instructing the trustees that the respective interests of the daughter and son of Brooks as of January 27, 1920, are subject to an excise under the Massachusetts law on their respective values on that date. The details are to be fixed by a single justice.

*Ordered accordingly.*