**HILL v. NICHOLS, Collector of Internal Revenue.**

(District Court, D. Massachusetts. March 16, 1927.)

No. 2555.

1. **Internal revenue ⬅=8(11)—Trust, income of which was payable after his death to beneficiaries, held "intended to take effect in possession or enjoyment" at or after settlor's death, within estate tax statute (Revenue Act 1918, § 402 [Comp. St. § 6336¾c]).**

Trust, income of which during settlor's life was to be paid to settlor or added to the principal, as he should direct, and income of which after his death was to be paid to his widow and children during their lives, etc., *held* within Revenue Act 1918, § 402 (Comp. St. § 6336¾c), including in the gross estate of a decedent, for estate tax, all his interest in property with respect to which he has at any time created a trust "intended to take effect in possession or enjoyment" at or after his death.

2. **Internal revenue ⬅=8(6)—Trust created long before estate tax law held not subject to tax (Revenue Act 1918, § 402 [Comp. St. § 6336¾c]).**

Neither property transferred by decedent in trust to pay income to him, or added to the principal, as he directed, till his death, and thereafter to pay the income to and divide the principal among others, nor the income so added to principal is to be included in his estate, under Revenue Act 1918, § 402 (Comp. St. § 6336¾c), for purpose of estate tax; the trust having been created 10 years before the law was enacted, and deceased having no transmissible interest in the property at his death, though power to revoke the trust with consent of a trustee was reserved to deceased, it never having been exercised and so having no effect on the trust; Congress having no power to include the property in the estate for purpose of the tax.

At Law. Action by Arthur D. Hill, executor of the will of Peter C. Brooks, against Malcolm E. Nichols, Collector of Internal Revenue. Judgment for plaintiff.

Francis G. Goodale and Hill, Barlow & Homans, all of Boston, Mass., for plaintiff.

Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for defendant.

BREWSTER, District Judge. This is an action brought by plaintiff, as sole surviving executor of the will of Peter C. Brooks, to recover from the defendant, as collector of internal revenue, an additional estate tax paid by plaintiff under protest. The amount of the tax and interest paid was $1,186,617.27. There was a trial without jury upon agreed facts.

Peter C. Brooks died January 27, 1920, leaving an estate subject to the estate tax imposed by the Revenue Act of 1918 (40 Stat. 1097). Some 15 years before his death the testator had transferred to trustees certain securities and cash, to be held in trust upon the terms of a trust instrument dated April 3, 1905. The value of the property at the time of the transfer was $1,186,745. Subsequently, but before June 25, 1907, other securities and cash were transferred to the trustees, to be held upon the same trust. The value of this property subsequently transferred was, at the time of transfer, $830,446. At the time of the testator's death the trust fund, including all accretions thereto and accumulations thereon, had a net value of $5,221,605.14. This sum was included by the defendant in the gross estate of the decedent, as representing the value at the time of his death of property with respect to which the testator had created a trust intended to take effect in possession or enjoyment at or after his death, within the purview of section 402 of the Revenue Act of 1918 (Comp. St. § 6336¾c). The trust instrument under which this fund is held contains elaborate and comprehensive provisions, but those pertinent to the issues here, briefly stated, are the following:

Under the terms of the original trust the net income, or so much of it as he should direct, was to be paid to the settlor during his life, any balance of income to be added to principal.

In 1919 the terms of the trust were amended, so that thereafter all income was to be added to principal until the death of settlor, when the income accruing thereafter was to be paid to his widow and children during their lives. After the death of each of said children, the income was payable to the surviving issue of that child, and the principal was to be divided ultimately among such issue. There were limitations over in default of such issue. By the terms of the trust the settlor reserved the right to amend or alter any of the provisions of the indenture, and to terminate the trust as to any or all of the trust property by writings signed by one or more of the trustees and by the settlor. Two amendments were made pursuant to these provisions, one in 1906, not material to the present inquiry, and one in 1919, already referred to, which cut off the settlor's power to direct the income to be paid to him. In 1909 the trust was terminated as to certain securities valued at about $52,000. The issues presented are well stated in plaintiff's brief. They are:

"First. Was the trust created by the settlor in 1905 'intended to take effect in possession or enjoyment' at or after the set-

tlor's death, within the meaning of the Revenue Act of 1918?

"Second. If the trust is held within the Revenue Act of 1918, is that statute constitutional, if applied to trusts created before its passage?"

These issues were raised in Coolidge v. Nichols (D. C.) 4 F.(2d) 112, upon a state of facts somewhat similar. If that case can be accepted as authoritative, it disposes of the first issue, and I do not think it is distinguishable upon the second issue.

[1] The plaintiff has argued that such a trust as Mr. Brooks created does not fall within the meaning of the words of section 402 (Comp. St. § 6336¾c), which includes in the gross estate of a decedent all his interest in property "with respect to which he has at any time created a trust, * * * intended to take effect in possession or enjoyment at or after his death. * * *" I am ready to concede that there is much force in the argument and some authority to support it. Cleveland Trust Co. v. Routzahn (D. C.) 7 F.(2d) 483; Frew v. Bowers (C. C. A.) 12 F.(2d) 625.

That there is a marked difference between the attributes of an estate tax and a tax on succession goes without saying. Although each is said to be an excise laid upon the exercise of a privilege, the former is regarded as an excise upon the privilege of transmitting property by will or intestacy, Y. M. C. A. v. Davis, 264 U. S. 47, 44 S. Ct. 291, 68 L. Ed. 558; Greiner v. Lewellyn, 258 U. S. 384, 42 S. Ct. 324, 66 L. Ed. 676; N. Y. Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660, while the latter is laid upon the privilege of receiving or succeeding to property upon the death of a decedent, Crocker v. Shaw, 174 Mass. 266, 54 N. E. 549; Burnham v. Treas. and Rec. Gen., 212 Mass. 165, 98 N. E. 603.

It is always important, in dealing with the federal statutes imposing an estate tax, to keep in mind, also, the distinction between the occasion of the tax and the measure of the tax. The decision in Coolidge v. Nichols, supra, proceeds on the theory that what Congress intended, in framing section 402 and corresponding provisions of earlier statutes, was to describe a class of quasi testamentary dispositions of property of the individual which the government should include in the gross estate of a decedent who died leaving a taxable estate, and that we could with propriety turn to adjudicated cases in both state and federal courts for a definition of the class. If that course is permissible, we find abundant authority for defining the class, so as to include any transfer or trust where the full enjoyment and possession with all the attributes of ownership is postponed until at or after the death of the transferrer or settlor. State St. Trust Co. v. Stevens, 209 Mass. 373, 95 N. E. 851; In re Fulham's Estate, 96 Vt. 308, 119 A. 433; N. E. Trust Co. v. Abbott, 205 Mass. 279, 91 N. E. 379, 137 Am. St. Rep. 437; Lines' Estate, 155 Pa. 378, 26 A. 728; Du Bois' Appeal, 121 Pa. 368, 15 A. 641; Matter of Brandeth, 169 N. Y. 437, 62 N. E. 563, 58 L. R. A. 148; Matter of Bostwick, 160 N. Y. 489, 55 N. E. 208; Matter of Green, 153 N. Y. 223, 47 N. E. 292.

The trust created by testator has been declared to be a trust to take effect in possession or enjoyment after death by the Supreme Judicial Court of Massachusetts and subject to the legacy and succession tax of that commonwealth. Saltonstall v. Treas. and Rec. Gen. (Mass.) 153 N. E. 4.

It is conceivable, as is argued, that the language of section 402 requires the application of a different test in determining whether a transfer or a trust is one intended to take effect in possession or enjoyment on or after decedent's death, so as to be included in decedent's gross estate. But Coolidge v. Nichols, supra, has been argued before the Supreme Court, and it is to be hoped that this question will soon be definitely settled. Until the conclusion reached in that case is overturned, I will adhere to it.

I rule, therefore, that the trust created by testator was one "intended to take effect in possession or enjoyment" at or after his death.

[2] As to the second issue, I am willing to accept the argument of the Government that Congress, having the power to tax an estate of a deceased person, may measure the tax by any standard which bears a reasonable relation to the subject and is not arbitrary. Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Keeney v. N. Y., 222 U. S. 525, 32 S. Ct. 105, 56 L. Ed. 299, 38 L. R. A. (N. S.) 1139; Maxwell v. Bugbee, 250 U. S. 525, 40 S. Ct. 2, 63 L. Ed. 1124.

But I cannot go with it to the extent of regarding as reasonable a measure which includes the value at time of his death of property of which the decedent has completely divested himself years before the act imposing the tax was enacted. See Coolidge v. Nichols, supra; Frew v. Bowers, supra; Bradley v. Nichols (D. C.) 13 F.(2d) 857; Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934; Schlesinger v. Wiscon-

sin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224.

The effect of the assessment by the defendant, now assailed, is to measure the tax upon the testator's estate, not only by the value in 1920 of property which, prior to 1907, he had conveyed away, but also by approximately $2,700,000 of income which had accrued to the trustees, and which, by virtue of the terms of the trust instrument, became a part of the principal of the trust fund. In none of this property did the testator have any interest, legal or equitable, at the time of his death. Such a standard of measurement is both arbitrary and unreasonable. Bradley v. Nichols, supra; Frew v. Bowers, supra.

My views on this issue are fully set forth in Coolidge v. Nichols (D. C.) 4 F.(2d) at page 116. It will serve no purpose to repeat them here. I will add, however, that the fact that the settlor reserved until 1919 the right to receive the income, and also the right to alter or terminate the trust, is not, in my opinion, sufficient to bring this trust within that reasonable relation to the subject of the tax which is necessary in order to render the measure a reasonable one. Frew v. Bowers, supra.

The power of revocation has no effect upon the validity of the trust or the rights of the trustee, if the power is never exercised. Stone v. Hackett, 12 Gray (Mass.) 227; Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908.

The power is not an interest in property which can pass by will or intestate laws. Jones v. Clifton, supra; Dolan's Estate, 279 Pa. 582, 124 A. 176.

Moreover, the power to revoke reserved to testator was not an unqualified one. He could only exercise this right with the consent of one or more of the trustees. See Welch v. Treasurer, 217 Mass. 348, 104 N. E. 726; Slifer v. Beates, 9 Serg. & R. (Pa.) 166; In re Bowers' Estate, 195 App. Div. 548, 186 N. Y. S. 912, affirmed 231 N. Y. 613, 132 N. E. 910.

As stated above, I am unable to distinguish this case, in principle, from Coolidge v. Nichols, supra, and I am compelled to the same conclusions reached in that case. I rule, therefore, as requested by the plaintiff, "that no portion of the trust fund created by the testator in 1905 is to be included in the gross estate of the testator subject to taxation under the Revenue Act of 1918." I so rule, notwithstanding the trust was created to take effect in possession or enjoyment at or after testator's death. The rul-

ing is based on the want of legislative authority to include in the gross estate, for the purpose of measuring a tax upon a decedent's estate, property transferred by him to trustees ten years or more before the law imposing the tax was enacted, and in which property he had no transmissible interest at the time of his death.

The plaintiff has also requested the following rulings:

"2. That, even if the trust fund created by the testator in 1905 is to be included in whole or part in the gross estate of the testator subject to taxation under the Revenue Act of 1918, the defendant's method of computing the tax thereon was nevertheless erroneous.

"3. That, if the trust fund created by the testator in 1905 is to be included in part only in the gross estate of the testator subject to taxation under the Revenue Act of 1918, the portion of the said trust fund to be included in said gross estate consists only of the property originally transferred by the testator, the value thereof being ascertained as of the date of the testator's death, and does not include the income added by the trustees to the principal thereof, nor any other portion of said trust fund."

In view of my ruling on the first request, these become immaterial in this case; but, as I am of the opinion that they correctly state the law applicable to the hypothesis assumed, I will grant them.

Plaintiff may recover according to his declaration.