## STARK et al. v. UNITED STATES.

District Court, S. D. Ohio, W. D.   October 13, 1927.

### No. 3614.

1. **Internal revenue ⚖2(11)—Statute taxing prior property transfers intended to take effect after death is invalid (Revenue Act 1918, § 402 [c], being Comp. St. § 6336¾c).**

Revenue Act 1918, § 402 (c), being Comp. St. § 6336¾c, in so far as it requires that there shall be included in decedent's gross estate for taxation the value of property transferred by decedent prior to its passage, merely because the conveyance was intended to take effect in possession and enjoyment at or after his death, regardless of whether transfer was shown to be made in contemplation of death or evasion of statute, is invalid, as arbitrary, capricious, and amounting to confiscation.

2. **Internal revenue ⚖8(11)—Donor's reservation of power to modify, control, and use income of trust, to take effect in possession and enjoyment after death, held not to prevent vesting of remainders (Revenue Act 1918, § 402 [c], being Comp. St. § 6336¾c).**

Donor's reservation of power to revoke trust intended to take effect in possession and enjoyment at or after his death, and full control over management of trust and benefit of all income for life, *held* not of itself to prevent vesting of remainders, so as to make transfer taxable under Revenue Act 1918, § 402 (c), being Comp. St. § 6336¾c, but estates of remainderman vested subject only to donor's power to divest them.

3. **Internal revenue ⚖8(2)—Federal estate tax law is an excise on transfer of property by death.**

Federal estate tax law is an excise on the transfer of property by death.

4. **Internal revenue ⚖8(11)—Statute taxing transfers to take effect after death held not to require donor of previously created trust to surrender reserved rights of modification, revocation, life income, and control (Act Feb. 24, 1919 [40 Stat. 1057]).**

Where donor created trust to take effect in possession and enjoyment after his death, with right to income during his life and to control property, subsequent enactment of Act Feb. 24, 1919 (40 Stat. 1057), taxing such conveyances, did not place affirmative duty on donor to surrender the reserved rights of modification, revocation, life income, control, and management, in order to avoid effect of such statute, on theory that each day of retention of such rights amounted to a reconveyance in trust or redeclaration of conditions of trust deed, since court cannot read into statute provisions not validly included thereunder.

At Law. Action by Edgar Stark, executor of the last will and testament of Jacob G. Schmidlapp, deceased, and others, against the United States. Judgment for plaintiffs.

For opinion on demurrer to petition, see 14 F.(2d) 616.

Joseph S. Graydon and Maxwell & Ramsey, all of Cincinnati, Ohio, for plaintiffs.

Simon Ross, Asst. U. S. Atty., of Cincinnati, Ohio, and H. B. Hunt, Sp. Atty., Bureau of Internal Revenue, Treasury Department, of Washington, D. C., for the United States.

HICKENLOOPER, District Judge. This is an action to recover certain federal estate tax payments assessed against the plaintiffs, by including in the value of the estate as of the time of death certain intangible personal property constituting the res of a trust created by the decedent in the year 1915, which taxes were paid under protest. Section 402 (c), Internal Revenue Act, approved February 24, 1919 (Comp. St. § 6336¾c). The United States is designated as defendant, the collector of internal revenue to whom the payment was made being no longer in office. All applications for refunder, appeals, or other administrative remedies open to plaintiff as a condition precedent to the maintenance of this action have been pursued by him without relief. A more detailed statement of the provisions of this trust will be found in the decision of this court upon demurrer to the petition in the instant case, reported in 14 F.(2d) 616.

On the former hearing on demurrer to the petition, the question of the unconstitutionality of that portion of section 402 (c) which provides that there shall be included in the gross estate of the decedent all property "to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, * * * intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this act), * * *" or its effectiveness as creating an obligation to pay such tax, was not considered or passed upon by the court. We there remarked: "This question is saved by the plaintiffs as a matter of precaution, but is not urged nor argued. The question is therefore not here considered, but the act is accepted as valid under Shwab v. Doyle, Collector, 269 F. 321 (C. C. A. 6)."

The court then decided that the provisions of the trust declared upon clearly showed that it was intended to take effect in possession and enjoyment at or after the death of the donor, and, accepting the provisions of section 402 (c) as valid and applicable to the facts of this case, the additional assessment was held valid, and the demurrer sustained, with leave to amend.

Certain allegations of fact as directed to the intention of the donor having been inserted by amendment, the case was continued for hearing on final submission. Subsequently, but before final submission, the Supreme Court of the United States handed down its opinion in the case of Nichols, Collector, v. Coolidge, decided May 31, 1927, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184. Upon the present hearing, and by reason of the decision of the Supreme Court in the cause just cited, the position of counsel for plaintiff is reversed, and reliance is placed solely upon the unconstitutionality of that portion of section 402 (c) by which the value of a trust created in 1915 is included as part of the gross estate, or the ineffectiveness of this provision as creating an obligation to pay the tax. The fact that the trust was, when made, intended to take effect in possession or enjoyment at or after the donor's death, is now conceded, but claimed to be immaterial.

It is to be noted that the trust here involved, if a transfer was made and a trust created in the true sense of these words, was made in the year 1915, prior even to the passage of the Act of September 8, 1916, section 202 (b) of which was the direct counterpart of section 402 (c) of the act of 1919, except as to the parenthetical clause. See chapter 463, 39 Stat. 756, 777 (Comp. St. § 6336½c).

[1] Without reviewing the history of this legislation, or the effect of other decisions of the Supreme Court upon its scope and application, this case of Nichols v. Coolidge seems decisive of the issues now here presented. In the last paragraph of the opinion the court, speaking through Mr. Justice McReynolds, says: "And we must conclude that section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation. Whether or how far the challenged provision is valid in respect to transfers made subsequent to the enactment, we need not now consider."

Application of the portion of the opinion above quoted leaves little or no ground for argument by the government. Here, as in Nichols v. Coolidge, it is not contended that the transfer was made in contemplation of death or for purposes of evasion; nor is it contended that the statute merely utilizes the gross estate as augmented by prior transfers as the proper measure of charge upon the transfer by death. These contentions, refuted by the court in Nichols v. Coolidge, are not pressed for reconsideration, but the government frankly admits that under the decision of Nichols v. Coolidge the tax has been improperly levied, "if there had been a transfer of the property sought to be taxed, prior to the passage of the Act of February 24, 1919" (and prior to the Act of September 8, 1916).

[2] It is contended that, by reason of the reservation to the settlor of full power of modification and ratification, and of full control over management of the trust as well as the benefit of all income for life, no transfer was actually made, in substance and effect, but the agreement constituted the so-called trustee as practically nothing but a custodian or agent for the management of such portion of the decedent's estate. This is but to deny the fact of transfer and existing trust, for the reason that it was within the settlor's power to undo what had been done. Taken by itself, the reservation of power to revoke, modify, or change the provision of a trust deed does not in any degree affect the legal title of the trustee to the property nor prevent the vesting of estates of the remaindermen. Jones v. Clifton, 101 U. S. 225, 229, 25 L. Ed. 908; People v. Northern Trust Co., 289 Ill. 475, 124 N. E. 662, 7 A. L. R. 709; Hill v. Nichols (D. C.) 18 F. (2d) 139; Stone v. Hackett, 12 Gray (78 Mass.) 227. Estates of the remaindermen vest, subject only to the power in the donor to divest such estates, which power was never exercised.

[3] We are also of the opinion that the retention of a life interest in the income of the securities by the donor, of his control of investments and management of the trust, and of his right to change the trustee, considered either separably or in connection with the power of modification, alteration, and revocation, do not negative or prevent the actual creation of the trust, or the fact that at the death of the donor the property so transferred and conveyed in trust passed under the deed of trust the interests which were created in 1915. Nichols v. Coolidge specifically calls attention to the difference between excise taxes upon the right to become beneficially entitled to property and an excise upon the transfer of property by death. The federal estate tax law is of the latter sort, and under the facts of the present case no portion of this trust res was transferred by reason of the death of the donor. At that time the remaindermen became beneficially entitled

under the trust deed, but all property constituting the res was transferred, and vested interests in remainder were created, prior to the enactment of the 1916 act.

[4] The only other contention of the government is less tenable, and that is that upon the enactment of the Act of February 24, 1919, the donor being presumed to know of its existence, an affirmative duty was placed upon the donor to surrender the reserved rights of modification, revocation, life income, and control in management, or, in default of such surrender, each day of retention of such rights amounted to a reconveyance in trust or a redeclaration of the conditions of the trust deed, so that "the election to continue the trust can therefore be considered, if the indenture is a transfer at all, a transfer after the passage of the act, and hence without the effect of the Coolidge Case."

This is an effort to justify the provisions of the Revenue Acts of 1924 (43 Stat. 304, § 302 [d]; 26 USCA § 1094; Comp. St. § 6336⅔b), and 1926 (44 Stat. 70, § 302 [d]; 26 USCA § 1094), including in the gross estate any interest "of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, * * * to alter, amend, or revoke." Suffice it to say that these statutes could have no effect in a case in which the transfer was made in 1915 and where the donor died in December, 1919. The only inference to be drawn from such subsequent enactments would be that no such effect as now claimed is to be attributed to retention of the right to alter, amend, or revoke in applying prior acts. The 1924 and 1926 Revenue Acts in this respect cover new ground presumably not covered by the act of 1919.

Aside from this observation, it is quite apparent that the act here involved does not purport to tax retroactively all transfers made prior to the enactment of the 1916 act, but only to tax the transfer from the owner of an estate upon the death of such owner, prior transfers in contemplation of death and thus presumably in evasion of the act, and, possibly, transfers to take effect in possession and enjoyment at the donor's death if made after the passage of the act. Considering the scope of the 1919 act, as restricted in operation by Nichols v. Coolidge, the court cannot read into its provisions a transfer actually made prior to 1916 and thus not validly included thereunder, nor can the enactment of the 1919 act be considered as creating any affirmative duty to exercise or annul rights reserved upon creation of a trust, which trust is otherwise beyond the effect of that act.

We see no possibility of other judgment than for the plaintiff, under the decision in Nichols v. Coolidge. Concurrently with the submission of judgment entry, counsel will present finding of facts for the approval of the court.